```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

|   |   |   |
|---|---|---|
| JOHN D. DEANE,          : |   |   |
|     Plaintiff,          : | CIV. NO. 3:12CV917(WWE) |   |
|                         : |   |   |
| V.                      : |   |   |
|                         : |   |   |
| NAVY FEDERAL CREDIT UNION, : |   |   |
|     Defendant.          : |   |   |

### RULING ON DEFENDANT'S MOTION FOR SANCTIONS [DOC. #53]

Pending before the Court is defendant's motion for sanctions [doc. #53] against plaintiff for failing to appear at the settlement conference. A settlement conference was set for May 21, 2013 in this case. Prior to the settlement conference, the Court issued a reminder of the settlement conference and ordered the parties to "contact the Court as soon as possible, if you believe a settlement conference would not be productive as scheduled." [doc. #49]. Plaintiff did not appear on the day of the settlement conference. Defendant's counsel and representative appeared as ordered. Notably, defendant's representative, Kenneth Emmer, traveled from Virginia to Connecticut to attend the settlement conference.

This Court has authority to enter sanctions, among other things, if a party or its attorney "fails to appear at a scheduling or other pretrial conference" and "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). The rule contemplates that the Court will "order the party, its attorney, or both to pay the reasonable expenses-including

attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Here, defendant seeks an award of monetary sanctions in the amount of $2,956.29 for fees and costs incurred in preparing for and attending the settlement conference. Defendant's counsel incurred $2,320.50 in attorney's fees preparing for and attending the settlement conference. Broken down, defendant's counsel spent 11.9 hours billed at $195 an hour. Defendant's representative incurred expenses in the amount of $569.74 traveling to Connecticut. In support of these expenses, defendant has submitted documents, including a bill from a hotel, a travel expense authorization form, and toll and gas receipts.

Having reviewed the motion and supporting evidence, the Court finds that the entry of sanctions is entirely appropriate and that the amount sought is reasonable. The Court awards defendant $2,956.29. This case will be closed for failure to prosecute, with leave to reopen after plaintiff has made full payment to defendant for the awarded sanctions.

ENTERED at Bridgeport, this 22nd day of July, 2013.

                                              /s/
                                      WARREN W. EGINTON
                                      SENIOR UNITED STATES DISTRICT JUDGE